ORTHOPEDICS INTERNATIONAL, LIMITED, P.S., PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 7620–77.     Filed March 19, 1979.

*Dwayne E. Copple,* for the petitioner.
*Matthew W. Stanley,* for the respondent.

STERRETT, *Judge:* Respondent determined deficiencies in petitioner's income taxes for its taxable year ended June 30, 1973, in the amount of $19,016.85 and for its taxable year ended June 30, 1974, in the amount of $13,048.42. These claimed deficiencies do not reflect adjustments made by respondent and agreed to by petitioner with respect to certain payments made to an employee

or former employee and determined by respondent to be "preferential" dividends.[1] On brief, petitioner has conceded the nondeductibility of certain payments allegedly made by it to a former employee. The only issues for our decision are the amounts allowable as deductions to petitioner for certain contributions made by it during its taxable years ended June 30, 1972, 1973, and 1974 to its qualified pension and profit-sharing plans.

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the exhibits attached thereto, are incorporated herein by this reference.

Orthopedics International, Ltd., P.S., is a professional service corporation organized and operated under the laws of the State of Washinton. Petitioner's principal place of business is Seattle, Wash. Petitioner uses a fiscal year ending June 30 as its tax-accounting period and filed its returns for the years in issue with the Internal Revenue Service Center, Ogden, Utah.

On June 30, 1970, petitioner adopted, and has at all times relevant hereto maintained, a qualified profit-sharing plan and trust permitting annual contributions of up to 15 percent of covered compensation. On May 7, 1971, petitioner adopted, and has since maintained, a qualified money purchase pension plan and trust. At least one of petitioner's employees was a beneficiary of both plans at all times relevant hereto. Paragraph 4.1 of the pension plan and trust document, as it read during the years in issue, said:

> The Employer shall contribute to the Trust Fund each fiscal year on behalf of each Participant an amount equal to ten per cent (10%) of such Participant's compensation during such fiscal year. For purposes of this agreement the "fiscal year" and the "plan year" shall be the period July 1 - June 30, inclusive.

During 1972, 1973, and 1974 the "normal cost" of funding petitioner's money purchase pension plan was 10 percent of that plan's covered compensation. There were no past service liabilities or other supplementary pension credits available during those years.

In 1972, petitioner contributed to the pension plan $39,616.51

---

[1]Petitioner has also agreed to an adjustment to its taxable income made by respondent for forfeitures not properly offset by petitioner against its allowable pension plan contributions for its taxable year ended June 30, 1974.

in excess of that year's 10 percent of covered compensation normal cost of the plan. In 1973, 10 percent of the pension plan's covered compensation equaled $83,819.59. Petitioner actually contributed this amount to the pension plan for that year and deducted the full contribution. In addition, in 1973 petitioner deducted 1972's $39,616.51 excess contribution as a carryover deduction. Petitioner's total deduction in 1973 with respect to the pension plan thus totaled $123,436.10 which equaled 14.726 percent of that plan's covered compensation for the year. Petitioner's actual cash contribution to the pension trust in 1973 was $119,847.03 which exceeded that year's normal cost for the plan by $36,027.44. Petitioner's actual cash contribution to the pension trust in 1973 thus equaled 14.298 percent of 1973's pension plan covered compensation. Petitioner contributed $125,944.19 to its profit-sharing plan in 1973, or exactly 15 percent of that plan's covered compensation for that year. Petitioner's total actual contributions to both trusts in 1973 thus totaled $245,791.22 (approximately 29.3 percent of jointly covered compensation), and its total deduction for its contributions to those trusts in 1973 equaled $249,380.29 (approximately 29.7 percent of jointly covered compensation).

In 1974, petitioner's actual cash payments to the pension trust totaled $72,054.85, or exactly 10 percent of that plan's covered compensation for that year. In addition, petitioner deducted a carryover from 1973 of $27,183.54 (i.e., 1973's overpayment of $36,027.44 adjusted downward by $8,843.90). Petitioner's total pension plan related deduction for 1974 thus totaled $90,476.38, or 12.56 percent of that plan's covered compensation for the year.[2] Petitioner's total contribution to the profit-sharing plan in 1974 totaled $75,762.38, or 10.47 percent of that plan's covered compensation. Total actual contribution to both plans in 1974 equaled $147,817.23 or approximately 20.4 percent of jointly covered compensation. Total deductions equaled $166,238.76 or approximately 23 percent of joint compensation.

## OPINION

Petitioner set up qualified pension and profit-sharing plans. The pension plan was a "money purchase pension plan" requir-

---

[2] $99,238.39 less $8,762.01 in forfeitures.

ing a fixed annual contribution of 10 percent of covered compensation. This required contribution was also the plan's "normal cost," sec. 1.404(a)–6(a)(2), Income Tax Regs., deductible under section 404(a)(1)(C).[3] The parties have stipulated that there were no past service or other supplementary pension credits available during 1972, 1973, and 1974. The upper limit on the deductibility of contributions to the profit-sharing plan was set at 15 percent of covered compensation during the years in issue. Sec. 404(a)(3)(A).[4]

The narrow question before us is whether petitioner's pension plan carryover deductions, which in 1973 and 1974 generated claimed deductions for pension plan contributions of 14.726 percent and 12.56 percent of pension plan covered compensation for

---

[3]SEC. 404. DEDUCTION FOR CONTRIBUTIONS OF AN EMPLOYER TO AN EMPLOYEES' TRUST OR ANNUITY PLAN AND COMPENSATION UNDER A DEFERRED-PAYMENT PLAN.

(a) GENERAL RULE.—If contributions are paid by an employer to or under a * * * pension, profit-sharing * * * plan, * * * such contributions * * * shall not be deductible under section 162 (relating to trade or business expenses) * * * ; but, if they satisfy the conditions of * * * such sections, they shall be deductible under this section, subject, however, to the following limitations as to the amounts deductible in any year;

(1) PENSION TRUSTS.—In the taxable year when paid, if the contributions are paid into a pension trust, and if such taxable year ends within or with a taxable year of the trust for which the trust is exempt under section 501(a) in an amount determined as follows:

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

(C) in lieu of the amounts allowable under subparagraphs (A) and (B) above, an amount equal to the normal cost of the plan, as determined under regulations prescribed by the Secretary or his delegate, * * * except that in no case shall a deduction be allowed for any amount (other than the normal cost) paid in after such pension or annuity credits are completely funded or purchased.

[4]SEC. 404(a)(3). STOCK BONUS AND PROFIT-SHARING TRUSTS.—

(A) LIMITS ON DEDUCTIBLE CONTRIBUTIONS.—In the taxable year when paid, if the contributions are paid into a stock bonus or profit-sharing trust, and if such taxable year ends within or with a taxable year of the trust with respect to which the trust is exempt under section 501(a), in an amount not in excess of 15 percent of the compensation otherwise paid or accrued during the taxable year to all employees under the * * * profit-sharing plan. If in any taxable year there is paid into the trust, or a similar trust then in effect, amounts less than the amounts deductible under the preceding sentence, the excess, or if no amount is paid, the amounts deductible, shall be carried forward and be deductible when paid in the succeeding taxable years in order of time, but the amount so deductible under this sentence in any such succeeding taxable year shall not exceed 15 percent of the compensation otherwise paid or accrued during such succeeding taxable year to the beneficiaries under the plan. In addition, any amount paid into the trust in any taxable year in excess of the amount allowable with respect to such year under the preceding provisions of this subparagraph shall be deductible in the succeeding taxable years in order of time, but the amount so deductible under this sentence in any one such succeeding taxable year together with the amount allowable under the first sentence of this subparagraph shall not exceed 15 percent of the compensation otherwise paid or accrued during such taxable year to the beneficiaries under the plan. The term " * * * profit-sharing trust," as used in this subparagraph, shall not include any trust designed to provide benefits upon retirement and covering a period of years, if under the plan the amounts to be contributed by the employer can be determined actuarially as provided in paragraph (1). If the contributions are made to 2 or more * * * profit-sharing trusts, such trusts shall be considered a single trust for purposes of applying the limitations in this subparagraph.

those years, respectively, are allowable. Respondent emphasizes section 404(a)(1)(D),[5] relating to pension plan carryover deductions, in arguing that the carryover deductions are not allowable. Section 404(a)(1)(D) clearly disallows deductions for contributions to qualified pension plans of any amount which exceeds an amount deductible under one of the other provisions of section 404(a)(1). Since petitioner relies on section 404(a)(1)(C) as the subparagraph enabling its pension plan deductions during the years in issue, respondent asserts that no deductions are allowable to petitioner in excess of the pension plan's "normal cost" for those years. As the money purchase pension plan's "normal cost" is equal to its required percent of compensation contribution, respondent would limit petitioner's deductible contributions to 10 percent of that plan's covered compensation and disallow the claimed carryover deductions in full until such year as petitioner's pension plan contributions do not exceed 10 percent of that year's covered compensation.

Petitioner relies on the provisions of the second sentence of section 404(a)(7):

SEC. 404(a)(7). LIMIT OF DEDUCTION.—If amounts are deductible under paragraphs (1) and (3), or (2) and (3), or (1), (2) and (3), in connection with 2 or more trusts, * * * the total amount deductible in a taxable year under such trusts * * * shall not exceed 25 percent of the compensation otherwise paid or accrued during the taxable year to the persons who are the beneficiaries of the trusts or plans. In addition, any amount paid into such trust * * * in any taxable year in excess of the amount allowable with respect to such year under the preceding provisions of this paragraph shall be deductible in the succeeding taxable years in order of time, but the amount so deductible under this sentence in any one such succeeding taxable year together with the amount allowable under the first sentence of this paragraph shall not exceed 30 percent of the compensation otherwise paid or accrued during such taxable years to the beneficiaries under the trusts or plans. This paragraph shall not have the effect of reducing the amount otherwise deductible under paragraphs (1), (2), and (3), if no employee is a beneficiary under more than one trust * * *

Thus petitioner argues that section 404(a)(7) should be applied independently of section 404(a)(1)(D) to allow deductions of up to 30 percent of the covered compensation of those persons who are plan beneficiaries where an excess contribution has been

---

[5]SEC. 404(a)(1)(D). CARRYOVER.—Any amount paid in a taxable year in excess of the amount deductible in such year under the foregoing limitations shall be deductible in the succeeding taxable years in order of time to the extent of the difference between the amount paid and deductible in each such succeeding year and the maximum amount deductible for such year in accordance with the foregoing limitations.

made in a prior year even if that excess amount is not deductible under any of the paragraphs of section 404(a)(1), (2), or (3). To the extent the regulations under section 404(a)(7) and section 1.404(a)–13, Income Tax Regs., call for a different result, petitioner argues that they are invalid.

A correct interpretation of section 404(a)(7) lies at the heart of the controversy before us. Section 404(a)(7) begins "If amounts are deductible under paragraphs (1) and (3), * * * [then] the total amount deductible * * * shall not exceed 25 percent of * * * [covered] compensation." This first sentence applies to limit the deductibility only of such amounts as are otherwise deductible under one or more of the other paragraphs of section 404(a) and acts to limit the total amount deductible by an employer with both a pension and profit-sharing plan to 25 percent of joint compensation. It is a further limitation on the limits set forth in section 404(a)(1) and (3).

The second sentence of section 404(a)(7), under which petitioner claims its carryover deduction, states that where the first sentence of section 404(a)(7) has limited an otherwise allowable deduction in a previous year, the disallowed amounts form a carryover deduction allowable up to 30 percent of joint compensation in succeeding years in order of time. Before this carryover provision applies, therefore, we must find that the first sentence acted to limit an otherwise allowable deduction in a previous year. We can make no such finding on the facts before us. We hold for respondent.

The amounts in issue were contributions to a money purchase pension plan in excess of that plan's 10 percent of covered compensation normal cost. Thus they were clearly not amounts "deductible under paragraphs (1) and (3) * * * in connection with 2 or more trusts," and are a fortiori not amounts "in excess of amount[s] allowable with respect to such year under [sentence one]." Section 404(a)(7) is a deduction limitation provision. We will not allow it to be used by petitioner to bootstrap itself into a deduction in excess of that otherwise allowable under the other provisions of section 404(a). At no time during any of the years in issue did petitioner's allowable deduction for current pension plan contributions exceed 25 percent of joint compensation. Since section 404(a)(7) did not, therefore, operate to reduce an otherwise allowable deduction, no section 404(a)(7) carryover was created. The regulation under section 404(a)(7) and section

1.404(a)–13, Income Tax Regs., is reasonable and we refuse to hold it invalid.

*Decision will be entered under Rule 155.*